United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Monik Chlad and Eric Vehovc,<br><br>       Debtors. | Bankruptcy No. 13-bk-40141<br><br>Chapter 7 |
| Mitchell Chapman and Semy Investments, Ltd.,<br><br>       Plaintiffs<br><br>v.<br><br>Monik Chlad and Eric Vehovc,<br><br>       Defendants. | Adversary No. 15-ap-289 |

## OPINION ON MOTIONS TO DISMISS SECOND AMENDED COMPLAINT
## [DKT. NOS. 139, 141]

Defendants Monik Chlad ("Chlad") and Eric Vehovc ("Vehovc") move to dismiss the Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7012(b)). Although Defendants are represented by separate counsel and have filed separate motions, the motion filed by Defendant Vehovc adopts and incorporates his co-Defendant's arguments in their entirety and invokes no independent grounds for dismissal. Plaintiffs, Mitchell Chapman and Semy Investments, Ltd., filed a Response to each motion, and Chlad and Vehovc each filed a Reply. Because arguments raised by Chlad and Vehovc in their respective motions are identical, both motions are jointly considered and discussed herein.

In their motions to dismiss, Defendants argue that the Second Amended Complaint fails to meet the pleading standards under Federal Rules of Civil Procedure and applicable precedent, in part, because it fails to reference the statutory provisions on which relief is predicated upon. Defendants also argue that new allegations

incorporated by amendment are untimely, and fail to relate back to the original complaint.

For reasons that follow, these and other arguments invoked by the Defendants lack merit and will be rejected. To the extent that Defendants reargue issues raised in their previous motions to dismiss and which by prior Opinion and Order have already been ruled on, such arguments will not be considered again here. Because Defendants offer no grounds justifying dismissal of the Second Amended Complaint, the motions will be denied.

Separate orders denying Defendants' motions will follow.

## BACKGROUND

### A. Overview of Parties and the Bankruptcy Case

Chlad and Vehovc were once in the business of buying distressed properties, rehabilitating them, and leasing them or selling them. Sometimes they owned the properties as individuals, sometimes they would own the properties through a wholly owned corporation, Lockwood Development, Inc. ("Lockwood"). Mitchell Chapman invested money in their business by loaning them money, sometimes individually, and sometimes through a corporation, Semy Investments, Ltd. (collectively, "Chapman" or "Plaintiffs").

Chlad and Vehovc filed a joint petition for Chapter 7 bankruptcy relief on October 14, 2013. Upon debtors' motion, their bankruptcy case was converted to one under Chapter 11 on May 29, 2014. On October 6, 2014, their bankruptcy case was converted back to one under Chapter 7. Upon motion by the chapter 7 trustee, the court directed the clerk to issue new deadlines for parties to object to discharge under 11 U.S.C. § 727 or to the dischargeability of a debt pursuant to 11 U.S.C. § 523. By subsequent motion, Chapman sought and obtained extensions of the deadline to file objections to discharge and to dischargeability until April 30, 2015.

### B. Original Complaint

On April 30, 2015, Plaintiffs filed a three-count complaint objecting to debtors' discharge and to dischargeability of a debt. Count 1 sought a determination that a debt owed to Plaintiffs was nondischargeable for making false statements in writing regarding their financial condition. Count 2 sought to determine that the debt owed was nondischargeable as one obtained through fraud or misrepresentations. Count 3 sought denial of the debtors' discharge for making false oaths in connection with their bankruptcy case.

Defendants each moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and motion to dismiss the complaint was granted from the bench with leave to file an amended complaint, and oral instructions to provide a clearer and more concise statement of Plaintiffs' grounds for relief were given to Plaintiffs' counsel.

### C. First Amended Complaint

Plaintiffs filed their first amended complaint on September 21, 2015, which consisted of a more concise version of Defendant's original allegations. Previous Counts 1 and 2 were joined into a single count, pleaded as Count 1 of the first amended complaint, which sought a determination that the debt owed was nondischargeable based on fraud and misrepresentations made at the time the debt arose. Count 2 incorporated previous Count 3, and sought denial of a discharge alleging that the Defendants made false oaths in the bankruptcy case.

Defendants moved to dismiss the first amended complaint under Rule 12(b)(6), arguing that Plaintiffs failed to state plausible claims under 11 U.S.C. §§ 523(a)(2) and 727(a)(4), the relevant statutory provisions governing objections to dischargeability and to discharge. By subsequent Opinion and Order, allegations in the first amended complaint were held to sufficiently state claims for which relief can be granted under 11 U.S.C. § 523(a)(2)(A) on Count 1, and 11 U.S.C. § 727(a)(4) under Count 2. Motions to dismiss were granted, in part, with respect to § 523(a)(2)(B) — a second basis for relief

3

alleged in Count 1. [*See* Dkt. Nos. 57, 59.] The Opinion on Defendants' motions to dismiss described the relevant predicate for relief alleged by the Plaintiffs and discussed Defendants' arguments at length. [*See* Dkt. No. 57.]

Defendants each filed Answers to the first amended complaint thereafter and pretrial schedule set. Count 2 of the first amended complaint was set to be tried first, with trial on nondischargeability of debt pursuant to Count 1 to proceed after disposition of Count 2, if needed.

### D. Second Amended Complaint

Before trial on Count 2 of the first amended complaint was set to begin, Plaintiffs sought leave to file their proposed Second Amended Complaint by motion attaching clean and redline copies disclosing their proposed amendments. Plaintiffs sought to file their Second Amended Complaint to incorporate factual allegations uncovered during the course of discovery, sought to prove their denial of discharge claim set forth in Count 2.

Like the prior amended complaint, the Second Amended Complaint seeks: (a) a determination that the debt owed to Plaintiffs is nondischargeable as a debt incurred by fraud or misrepresentations and, alternatively, (b) denial of a Chapter 7 discharge based on alleged false statements under oath by the Defendants in connection with their underlying bankruptcy case. As noted above, the first amended complaint was held to state sufficient claims for relief under 11 U.S.C. §§ 523(a)(2)(A) and 727(a)(4), respectively. Plaintiffs proposed amendments relate to alleged false oaths during the bankruptcy case only. Allegations involving misconduct prior to bankruptcy when the debt at issue was incurred were changed.

Leave to file the Second Amended Complaint was granted over Chlad's objections by order setting a new deadline to file Answer or otherwise respond by motion addressing any issues not previously ruled on. [Dkt. No. 136.]

4

Plaintiffs filed their Second Amended Complaint on October 11, 2016. [Dkt. No. 137.] It modifies some allegations previously pleaded in support of Count 2, and incorporates new allegations to support denial of discharge pursuant to § 727(a)(4) based on assertedly false statements under oath. (*See* 2nd Am. Comp., at 10–15; *see also* Mot. for Leave, Dkt. 127, Ex. B, at 10–15 (attaching redline version of proposed changes).) Amendments include new allegations that the Defendants made false oaths or accounts when they omitted information from their schedules, and also new details supplementing previously pleaded charges.

New allegations pleaded by amendment involve: (1) Previously undisclosed transfers to third parties, including family members overseas, within a year before the bankruptcy case was filed (*see id.* at 13–14); (2) Two unreported bank accounts, which were active shortly before the case was filed (*id.* at 15–16), and; (3) An undisclosed creditor by the name of Michael Hobbs (*id.* at 16).

Prior allegations involving Defendants' disclosure of their income sources were amended, in part, to modify or incorporate certain details. But general pleadings in these areas remain substantially as pleaded in the first amended complaint. (*Id.* at 10–11.)

The Second Amended Complaint also abandons prior allegations that Defendants failed to disclose an interest in an LLC.

Defendants' filed their respective motions to dismiss the Second Amended Complaint in lieu of an Answer on October 11, 2016.

## DISCUSSION

### I. JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this

proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409.

This adversary proceeding seeks to determine the debtor's eligibility for a discharge and the dischargeability of debts in bankruptcy. Both types of proceedings are statutorily core, and can only arise under title 11. *See* 28 U.S.C §§ 157(b)(1), (b)(2)(I) and (J); *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). They therefore "stem[] from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## II. Sufficiency of Pleadings

Defendants' motions to dismiss under Rule 12(b)(6) challenge the sufficiency of the complaint to state a claim upon which relief can be granted. *See* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)(6)); *Hallihan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (made applicable by Fed. R. Bankr. P. 7008), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Defendants first argue that the Second Amended Complaint is deficient "as a matter of law" because it fails clearly to reference the statutory basis upon which relief under Counts 1 and 2 is sought. (*See* Chlad's Mot. to Dismiss Adv. Comp., at 2–6.) While the motions reference Rule 8(a) (made applicable in bankruptcy by Fed. R. Bankr. P. 7008), neither Rule 8 nor governing precedent require plaintiffs to specify the

statutory provision or legal theory upon which relief is sought in their complaints. *See, e.g., Vidimos, Inc. v. Laser Lab*, 99 F.3d 217, 222 (7th Cir. 1996) ("The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories"); *Kranig v. Quimby (In re Quimby)*, 313 B.R. 779, 784 (Bankr. N.D. Ill. 2004) ("In federal courts, the rules 'do not require plaintiffs to plead either facts or law." (quoting *Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004)). Federal pleading is notice pleading, and must also supply sufficient details to make the pleading "plausible." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403–05 (7th Cir. 2010) (discussing *Twombly*, 550 U.S. 544 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Nor is there a requirements in federal pleading that the complaint allege or even reference the "elements" of a claim or use any "key words" to properly state a claim, as Defendants suggest in their motion. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (noting that "there is no requirement in federal suits of pleading . . . the elements of a claim.") Rule 8(a) requires only that plaintiffs provide notice of the nature of their claims by pleading enough details about the subject matter of a case to present a story that holds together. *Swanson*, 614 F.3d at 404–05 (7th Cir. 2010). Thus, the question on a 12(b)(6) motion "is not whether the complaint alleges the right facts or the right law, but whether the complaint gives the defendant notice of the nature of the claim." *Quimby*, 313 B.R. at 784 (citing *Thompson v. Illilnois Dep't of Prof. Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

Like the first amended complaint, the Second Amended Complaint gives Defendants sufficient notice of the claims against them. Plaintiffs believe that Defendants made "a false oath" in connection with their bankruptcy case by failing to accurately and truthfully represent their financial conditions in their schedules and other attested documents submitted in the case. Such allegations, if proven, would justify denial of a discharge under § 727(a)(4)(A). Plaintiffs also believe that the debt owed by the Defendants is one that arose from misrepresentations or fraud. By prior

7

Opinion and Order, this court ruled that the prior amended complaint stated a sufficient claim for relief under § 523(a)(2)(A). Defendants have not shown that Plaintiffs' amendments justify revisiting the court's prior ruling. In fact, allegations relating to misconduct at the time the debt was incurred were not amended. Accordingly, these issues will not be revisited here.

Defendants' contention that the complaint is insufficient because "[i]t is impossible to determine upon what legal theory or theories and subsections of the Bankruptcy Code" (*see* Chlad's Mot. to Dismiss, ¶ 9) at this stage of litigation and in light of the court's prior rulings has no merit. Even if the history of these proceedings were ignored, failure to specify a legal theory is not a basis for dismissing the complaint under Rule 12(b)(6). *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999) ("The fact that more than one legal theory might fit the events described [in the complaint] is immaterial, as long as the allegations give notice of a legally sufficient claim under federal law"). At this stage of the litigations, Plaintiffs' theories of relief under §§ 727(a) and 523(a) are sufficiently clear and have been repeatedly identified by the parties and the court both on the record and in writing. Defendants' motions to dismiss the Second Amended Complaint on the basis that it fails to give them sufficient notice of the claims against them therefore has no merit.

Defendants have also not argued that amendments somehow doomed previously sufficient claims. *See, e.g., Tierney v. Vahle*, 304 F.3d 734, 739–40 (7th Cir. 2002) (noting that plaintiffs may plead themselves out of court by alleging conduct that, if proven, would not entitle them to relief sought). As noted above, Plaintiffs' amendments concern allegations of misconduct in the bankruptcy case and are therefore irrelevant to their claim under § 523(a)(2)(A). The new allegations of misconduct in connection with the bankruptcy case incorporated by amendment are not inconsistent with or defeat Plaintiffs' § 727(a)(4) claim. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." *Twombly*, 550 U.S. at 563. Pleading of details unknown before discovery is not required, as it would deny plaintiffs the opportunity to prove their claims. *EEOC v. Cocentra Health Servs.,Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007). "[T]he intent of the liberal notice pleading system is to ensure that claims are determined on their merits rather than through missteps in pleading." *Id.* at 779. No basis for dismissing the complaint because of Plaintiffs amendments has therefore been shown.

### III. RELATION-BACK OF AMENDMENTS

Defendants also argue that the Second Amended Complaint is untimely because the deadline for objecting to discharge and dischargeability under Fed. R. Bankr. P. 4004 and 4007 has expired. It is undisputed that these deadlines have now expired, but amendments filed beyond the deadline set by Rule 4004(a) may nonetheless be timely if they "relate back" to the first amended complaint. *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005). The timeliness of Plaintiffs' amendments was argued and considered before leave was granted to file the Second Amended Complaint, and Defendants offer no persuasive basis for reconsidering this decision.

Under Rule 15(c) of the Federal Rules of Civil Procedure (made applicable here by Fed. R. Bankr. P. 7015), an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Amendments pursuant to Rule 15(c) should be liberally allowed in accordance with the general policy favoring disposition of cases on the merits. *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991). The relevant question with respect to relation back is "whether the original complaint gave the defendant

9

enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

In this case, Plaintiffs sought leave to amend their complaint to incorporate more detail explaining their effort to establish a basis for denying Defendants' discharge under § 727(a). Section 727(a)(4)(A) provides that the court may not grant a debtor a discharge if: "(4) the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account . . . ." 11 U.S.C. § 727(a)(4)(A). "The purpose of § 727(a)(4) is to enforce the Debtors' duty of disclosure and to ensure that the Debtors provide reliable information to those who have an interest in the administration of the estate." *Bostrom v. Stathopoulos (In re Bostrom)*, 286 B.R. 352, 359 (Bankr. N.D. Ill. 2002). Plaintiffs in this case have amended their complaint to incorporate additional alleged false oaths by Debtors in the bankruptcy case that were uncovered when investigating the original allegations, or to supplement or modify details of prior allegations made. The amendments are neither surprising nor unrelated to the allegations pleaded in the original, timely filed complaint.

The fact that new allegations involve different false oaths is irrelevant. Because recent charges involve misrepresentations and omissions on Defendants' bankruptcy schedules and other sworn documents filed in the bankruptcy case, they pertain to the same claim pleaded in the original complaint and support Plaintiffs' original prayer for relief. *See Cohen v. Olbur (In re Olbur)*, 314 B.R. 732, 745–46 (Bankr. N.D. Ill. 2004) (concluding that the presence of numerous omissions and misrepresentations can give rise to an inference of fraud sufficient to warrant denial of a discharge under § 727(a)(4)). Plaintiffs have not alleged unrelated misconduct supporting a new theory of relief, they have simply uncovered new instances of misconduct supporting their original claim and chosen to amend their complaint to make these charges clear prior to

trial. The amendments therefore relate-back to the original complaint and are therefore timely.

## CONCLUSION

The motions to dismiss rest on no solid grounds. Separate orders will deny the motions and order Answers to be filed to the Second Amended Complaint.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 17th day of October, 2016