United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: | Bankruptcy No. 13-bk-40141 |
| Monik Chlad and Eric Vehovc, | Chapter 7 |
| Debtors. | |
| Mitchell Chapman and Semy Investments, Ltd., | Adversary No. 15-ap-289 |
| Plaintiffs | |
| v. | |
| Monik Chlad and Eric Vehovc, | |
| Defendants. | |

# OPINION ON MOTION TO STRIKE AFFIRMATIVE DEFENSES AND TO DISMISS COUNTERCLAIM [DKT. NO.181]

In this adversary proceeding, filed in a voluntary Chapter 7 case, Plaintiffs Mitchell Chapman and Semy Investments, Ltd. (collectively, "Chapman" or "Plaintiffs") alleged two counts against the Defendants in their amended complaint. Count 2 was severed for a separate trial. Plaintiffs here seek to strike and dismiss Defendants' affirmative defenses to count 1 and to dismiss counterclaims.

Defendants Monik Chlad ("Chlad") and Eric Vehovc ("Vehovc") (collectively, the "Debtors" or "Defendants") filed bankruptcy schedules stating that they did not dispute debts owed to Chapman. Defendants later amended those schedules to reflect they did in fact dispute the debt. They further asserted in their answers to the second amended complaint that the debt was dischargeable, in addition to raising counterclaims against Plaintiffs. Plaintiffs seek to have the Defendants' initial schedules

treated as judicial admissions, therefore barring Defendants from now disputing the debt under 12(f) of the Federal Rules of Civil Procedure (made applicable by Feb. R. Bankr. P. 7012(b)). They further seek to dismiss Defendants counterclaim for lack of standing and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable by Feb. R. Bankr. P. 7012(b)).

For reasons that follow, Plaintiffs' Motions to Dismiss and to Strike will be denied.

## BACKGROUND

Chlad and Vehovc were once in the business of buying distressed properties, rehabilitating them, and then selling or renting them to homeowners and investors. Chlad and Vehovc owned such properties either individually or through a wholly owned corporation, Lockwood Development, Inc. ("Lockwood"). Mitchell Chapman invested money in their business by loaning it money, sometimes as an individual and sometimes through a corporation, Semy Investments, Ltd. (collectively, "Chapman" or "Plaintiffs").

Chlad and Vehovc filed a joint petition for Chapter 7 bankruptcy relief on October 14, 2013. On January 14, 2014, the debtors filed their bankruptcy schedules in which they listed debts owed to Chapman, but did not check the box indicating those debts were disputed. By motion, Chapman sought and obtained extensions of the deadline until April 30, 2015 to file objections to discharge under 11 U.S.C. § 727 or to the dischargeability of a debt pursuant to 11 U.S.C. § 523.

On April 30, 2015, Plaintiffs filed a complaint objecting to debtors discharge and to dischargeability of a debt. Defendants each moved to dismiss the complaint for

failure to state a claim under Rule 12(b)(6). The motion to dismiss complaint was granted from with leave to file an amended complaint.

Plaintiffs filed their first amended complaint on September 21, 2015. Count 1 sought determination that the debt was nondishargeable based on alleged fraud and misrepresentations made by the Defendants at the time the debt arose. Count 2 sought denial of a discharge on the theory that the Defendants made false oaths in the bankruptcy case. Plaintiffs then filed a second amended complaint on October 11, 2016. Count 1 in the second amended complaint was identical to the prior Count 1. Count 2 was severed and tried separately. After trial, the Defendants filed amended schedules in which they disputed the Chapman debt and objected to Chapman's proof of claim.

## DISCUSSION

### I. Jurisdiction and Venue

Subject matter jurisdiction lies under 28 U.S.C § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by the Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409.

This adversary proceeding seeks to determine the debtor's eligibility for a discharge of debts in bankruptcy and the dischargeability of debts in bankruptcy. These types of proceeding are statutorily core, and can only arise under 28 U.S.C. §§ 157 (b)(1), (b)(I) and (J). They therefore "stem from the bankruptcy itself" and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 564 U.S. 462 (2011).

Defendants suggest in their replies that this court lacks jurisdiction in Count 1 to determine the amount of indebtedness and that jurisdiction for this decision properly lies in state court. Bankruptcy Courts have jurisdiction over "all civil proceedings

arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Seventh Circuit has ruled that a "case is related to a bankruptcy when the dispute affects the amount of property for distribution [i.e. the debtor's estate] or the allocation of property among creditors." *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996) (internal quotations omitted). Here, the amount of debt at issue undoubtedly affects the estate and the parties seek to determine whether it is dischargeable under the Bankruptcy Code. Therefore, Jurisdiction properly lies with this court to determine the amount of debt as well as its dischargeability.

## II. Motion to Strike

Plaintiffs' motion to strike under Rule 12(f) challenges the Defendants' affirmative defenses on the ground that they are rendered null by facts that the Defendants allegedly admitted. Motions to strike are generally disfavored, but can be an "important means of removing 'unnecessary clutter' from a case and avoiding delay." *In re Auto. Professionals, Inc.*, 398 B.R. 256, 258 (Bankr. N.D. Ill. 2008), quoting *Heller Fin., Inc v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The standard for a Rule 12(f) motion is narrow and should only be granted when the defense is insufficient on the face of the pleadings. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). The motion to dismiss is to be granted only if "it appears beyond doubt that the defendant cannot prove any set of facts in support of its defense that would bar the plaintiff from relief." *Id.*

In the original schedules filed at the beginning of the bankruptcy case, the Defendants listed debts owed to the Plaintiffs. At that time the Defendants did not dispute those debts, but they subsequently amended their schedules to reflect that they did in fact dispute them. Plaintiffs argue that the Defendants' original schedules must be deemed judicial admissions, therefore barring Defendants from now disputing the

4

Chapman debt. Judicial admissions "are any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings." *In re Lefkas Gen Partners No. 1017*, 153 B.R. 804, 807 (N.D. Ill 1993). They are "conclusive, unless the court allows [them] to be withdrawn." *Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir. 1995). It is within the court's discretion to accept or reject a judicial admission. *In re Schraiber*, 141 B.R. 1000, 1006 (Bankr. N.D. Ill 1992).

The Defendants' original schedules do not meet the standard for acceptance as a judicial admission. In *Schraiber*, relied on in the Motion to Strike, a similar issue was considered. There, the alleged admission was contained in a motion filed in a separate proceeding, related to the case in question as part of the same bankruptcy. The court rejected that admission and held "an admission made in one proceeding will not be regarded as conclusive and binding in a separate proceeding." *Schraiber* at 1007. *See also Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981). It further noted that bankruptcy is a "bundle of related controversies" that must be handled separately "in order to maximize the value of the estate." *Schraiber* at 1007. A Seventh Circuit opinion has also remarked on this distinction between the underlying bankruptcy and adversarial proceedings, noting that a bankruptcy is "a conglomeration of separate adversary proceedings that, but for the status of the bankrupt party . . . would be separate, stand-alone lawsuits." *Matter of James Wilson Associates*, 965 R.2d 160 (7th Cir. 1992).

Under the same reasoning, Debtors' original schedules will not be considered judicial admissions in this case. Debtors' schedules were not filed in this adversary proceeding. *See In Re Cobb*, 56 B.R. 440, 442 n.3 (Bankr. N.D. Ill. 1985) ("Because schedules were filed in this case in general . . . the court does not view them as a 'pleading' for the purposes of [the motion at issue]"). Drawing from the reasoning in

*Schraiber*, to treat Debtor's schedules as binding in all contested matters and adversary proceedings would be inconsistent with the basic goal of maximizing the value of the estate. *Schraiber* at 118. If successful in asserting their affirmative defenses the debtors could reduce the estate's liability, thereby enhancing the payout to their other creditors. In the interest of the maximizing the value of the estate and in line with the foregoing reasoning, the original schedules are not binding or conclusive for purposes of this adversary proceeding.

Moreover, the very nature of a bankruptcy schedule further supports this conclusion that it cannot be construed as a judicial admission. If a court allows for the alleged judicial admission to be withdrawn, then it can no longer be binding. *Keller* at 1199. Schedules may be withdrawn or amended at any time before the close of the case without permission from the court. Feb. R. Bankr. P. 1009. *See also Cobb* at 442 n. 3. Indeed, in this case they were amended. To now hold that the original schedules are binding when they have already been amended would be inconsistent with the judicial admission doctrine.

Debtors' schedules may nonetheless be evidentiary admissions. F.R.E. 801(d)(2)(C-D). But, as such, they would still not be binding and conclusive. *Cobb* at 441. In support of their Motion to Strike, the Plaintiffs rely entirely on the theory that Debtors' schedules are binding admissions and offer no other rationale to support striking the affirmative defenses. The Plaintiffs have therefore failed to meet the narrow standard under 12(f) and their Motion to Strike will be denied.

### III. Motion to Dismiss

Plaintiffs further argue that Defendants' affirmative defenses in recoupment and counterclaim to Chapman's proof of claim should be dismissed for lack of standing and under Rule 12(b)(6) F. R. Civ. P.

6

1. <u>Standing</u>

   Plaintiffs' motion asserts that the Defendants lack standing to raise their affirmative defenses insofar as they seek recoupment. Those defenses, the Plaintiffs claim, are property of the estate and therefore only the trustee has the right to raise them. But Plaintiffs' argument confuses the trustee's right to assert a cause of action with its right to assert a defense. The estate has the right to assert any defense available to the debtor under 11 U.S.C. § 558. But that does not mean that the debtor loses the right to those defenses. "[T]he trustee's right under section 558 to assert the debtor's defenses differs from the trustee's exclusive right to assert the debtor's causes of action. The reason for this difference is clear. A cause of action is an asset of the estate to be used as the trustee sees fit. By contrast, a defense is something that may prevent an unjust claim against the estate." 5 Collier on Bankruptcy ¶ 558.01(1)(a). *See also In re Beach*, 447 B.R. 313, 323 (Bankr. D. Idaho 2011) (holding that despite §541, "the debtor still has access to and may assert personal defenses").

   In this case, the Debtors have raised affirmative defenses in recoupment based on rights that arose under state law. *See* 815 ILCS 205/6. The underlying law explicitly grants the debtor the right to such defense. *Id.* Recoupment gives the defendant the opportunity to reduce a Plaintiff's claim by alleging that the Plaintiff owes funds to the defendant that resulted from the same transaction as Plaintiff's original claim. *In re A & C Elec. Co., Inc.*, 211 B.R. 268, 273 (Bankr. N.D. Ill. 1997). The reasoning behind the recoupment doctrine is that where the creditor's and the debtor's claims arise out of the same transaction, the plaintiff "must prove compliance with certain obligations of the contract" to be entitled to full recovery. *In re Klingberg Sch.*, 68 B.R. 173, 178 (N.D. Ill. 1986). In other words, recoupment is a "defense to the amount claimed" that, if successful, will reduce the debtor's liability. *In re A & C Elec. Co* at 178. Insofar as they

7

seek to defend against Plaintiff's claims, the Debtors maintain the requisite standing to raise their affirmative defenses in recoupment.

2. Rule 12(b)(6)

The Plaintiffs' argument that the affirmative defenses in recoupment should be dismissed under Rule 12(b)(6) also fails. To survive a Rule 12(b)(6) motion to dismiss, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (made applicable by Fed. R. Bankr. P. 7008), such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.* 496 F. 3d773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In seeking dismissal under Rule 12(b)(6), the Plaintiffs rely entirely on the theory that Defendants' failure to dispute the Chapman debt in their schedules is a formal and binding admission. As described above, the schedules could only be evidential admissions which are neither binding nor conclusive. *Keller* at 1199. As such, the Plaintiffs' 12(b)(6) motion fails to articulate a valid reason for dismissal.

Even if the Plaintiffs had not relied on their judicial admission theory to argue their 12(b)(6) motion, the Debtors' pleadings outline enough of their claims to give the Plaintiffs "fair notice." *Twombly* at 555. The Debtors' first affirmative defense alleges the contracts with Chapman are void ab initio because of Chapman's alleged misconduct and violation of the Illinois Rules of Professional Conduct. While a violation of the Professional Rules would not in and of itself invalidate the contract, Debtors' defense

8

appears to be based essentially on a theory of fraud or illegality which could invalidate the contract. *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 779 (7th Cir. 2002). The second and third articulated affirmative defenses are based on claims arising under state law that, at the very least, have the potential to reduce Plaintiffs' claims. The Defendants' affirmative defenses therefore satisfy the requirements of 12(b)(6) and Plaintiff's motion will be denied.

3. Counterclaim

The Counterclaim simply repleads the Recoupment Defenses, and for the same reasons set forth denying the Motion to Dismiss the Defenses, likewise the Motion to Dismiss the Counterclaim is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motions to Strike and to Dismiss will be denied by a separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 23rd day of March, 2017